IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
TRAVIS DIVISION

| | | |
|---|---|---|
| HENRY ALGERMISSEN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| COMPASS BANCSHARES, INC. | § | |
| | § | |
| Defendant. | § | |

**EXHIBIT A**
**INDEX OF DOCUMENTS FILED IN STATE COURT**

1. Docket Sheet from State Court Action

2. Plaintiff's Original Petition

3. Citation and Officer's Return

4. Compass Bancshares, Inc.'s Original Answer, Special Exceptions, and Motion to Dismiss (filed February 25, 2011)

5. Notice of Filing Notice of Removal

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| 1/20/2011 | PET-PL | ORIG PETITION W/JURY DEMAND | PLAINTIFF'S PETITION |
| 2/14/2011 | SRVPROCESS | EXE SERVICE OF CITATION | COMPASS BANCSHARES, INC. |
| 2/25/2011 | ANS-RESP | ORIGINAL ANSWER | COMPASS BANCSHARES, INC.'S ORIGINAL ANSWER, SPECIAL EXCPETIO NS AND MOTION TO DISMISS |



I, AMALIA RODRIGUEZ-MENDOZA, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on ___2-28-2011___

AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
By Deputy: _____

Filed
11 January 20 P5:07
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-11-000216

D-1-GN-11-000216

No.

| | | |
|---|---|---|
| Henry Algermissen | § | **IN THE DISTRICT COURT** |
| | § | 53RD |
| **Plaintiff** | § | |
| v. | § | |
| Compass Bancshares, Inc. | § | **JUDICIAL DISTRICT** |
| | § | |
| Defendant | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S PETITION

Plaintiff Henry Algermissen ("Mr. Algermissen") bring suit against Defendant Compass Bacshares, Inc. ("Compass") for violations of Telephone Consumer Protection Act ("TCPA").

### 1.   PRELIMINARY MATTERS

1.        Plaintiffs intend to conduct discovery under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

2.        Venue is proper is Travis County, Texas because all or a substantial part of the events or omissions occurred in Travis County. *See* Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

3.        Plaintiff Henry Algermissen is an individual located at 1232 Star Meadow Drive, Kyle, Texas.

4.        Defendant Compass Bancshares, Inc. is a corporation organized and existing under the laws of Alabama with a principal place of business of 15 South 20th Street Birmingham, AL 35233 and doing business throughout the state of Texas. Said Defendant may be served through their registered agent at CT Corporation System; 350 N. St. Paul St., Ste. 2900; Dallas, Texas, 75201.

### 2.   STATEMENT OF FACTS

5.        Henry Algermissen does not owe any money to BBVA Compass Bank or any other Compass Bancshares entity.  He had an account with BBVA Compass Bank in 2003, but not since then.

6.        Mr. Algermissen did not have his current cell phone in 2003.

7.        In or around February of 2010, Compass Bank began to use an autodialer to call Mr.



Algermissen's cell phone.  Sometimes a recorded message would be left on Mr. Algermissen's cell phone voice mail.

8.        On the following dates, Mr. Algermissen received recorded calls to his cell phone from Compass Bank:  February 17, 2010, February 26, 2010; March 5, 2010; March 8, 2010 and March 15, 2010.

9.        The messages left on the phone did not include a callback number or explain what they were regarding.

10.       Mr. Algermissen did not keep track of every call to his phone – there were many more calls then he had time to write down.  Mr. Algermissen estimates there were four to five calls a week for months.

11.       These calls were apparently for a gentleman by the name of "Jesse Emmanuez".  Mr. Algermissen does not know anyone by that name.

12.       On March 15, 2010, Mr. Algermissen called Compass Bank and after spending considerable time maneuvering through the Bank's phone tree, he found the department allegedly responsible for the calls.  Mr. Algermissen informed them he had no business with Compass Bank, he did not know a Jesse Emmanuez, and he asked that they stop calling.

13.       Compass Bank used an autodialer to leave a recorded message on Mr. Algermissen's cell phone again on March 19, 2010.

14.       On March 19, 2010, Mr. Algermissen again called Compass Bank and again informed them that he had no loans or accounts with Compass Bank and asked them to stop contact to his cell phone.

15.       Compass Bank used an autodialer to leave a voicemail on Mr. Algermissen's cell phone on March 25, 2010.

16.       Again on March 25, 2010, Mr. Algermissen called Compass and again informed them that he had no loans or accounts with Compass Bank and asked them to stop contact to his cell phone.



17.     Compass Bank used at autodialer to continue to call Mr. Algermissen's cell phone on April 1, 2010, April 2, 2010, April 5, 2010, April 9, 2010, April 13, 2010, April 17, 2010, and April 21, 2010.  Again, this is not an exhaustive list of call dates.

18.     Mr. Algermissen went to the Law Offices of Daniel Schafer for representation on this matter.  Mr. Schafer wrote Compass Bank on May 1, 2010 requesting a stop to the calls and demanding Compass Bank pay Mr. Schafer for their violations of the Telephone Consumer Protection Act.

19.     The calls to Mr. Algermissen's phone did stop at some point after Mr. Schafer's letter. The exact number of calls is unknown but is over fourteen.

### 3.     CLAIMS BASED ON THE ABOVE FACTS

20.     The above referenced statement of facts is incorporated by reference for the following causes of action.

### Cause of Action #1—Violations of the Telephone Consumer Protection Act

21.     The facts stated above demonstrate that Defendant violated Telephone Consumer Protection Act.

22.     Defendants, and each and every one of them, and at all times material and relevant hereto, owned, operated and/or controlled "customer premises equipment" as defined by the TCA, 47 U.S.C. § 153(14), that originated, routed, and/or terminated telecommunications.

23.     Defendants, and each and every one of them, and at all times material and relevant hereto, engaged in "interstate communications" as defined by the TCA, 47 U.S.C. § 153(22).

24.     Defendants, and each and every one of them, and at all times material and relevant hereto, engaged in "telecommunications" as defined by the TCA, 47 U.S.C. § 153(43).

25.     Defendants, and each and every one of them, and at all times material and relevant hereto, used, controlled and/or operated "wire communications" as defined by the TCA, 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

26.     Defendants, and each and every one of them, and at all times material and relevant



hereto, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

27.    The Defendants, and each and every one of them, and at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and fraudulently violated the TCPA, 47 U.S.C. § 227, et seq. and 47 C.F.R. 64.1200, et seq.

28.    The violations of the Defendants, and each and every one of them, and at all times material and relevant hereto, include, but in no manner shall they be limited to, the following:

    **a.**    The Defendants, and each and every one of them, and at all times material and relevant hereto, used automatic telephone dialing systems that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

    **b.**    Defendant placed automated or prerecorded messages on Plaintiff's cellular telephone voice mail, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

29.    The acts and/or omissions of the Defendants, and each and every one of them, and at all times material and relevant hereto, as described in this Civil Action Complaint were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiff to pay the alleged debt despite Plaintiff owing no obligation.

30.    The acts and/or omissions of the Defendants, and each and every one of them, and at all times material and relevant hereto, as described in this Civil Action Complaint were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31.    The acts and/or omissions of the Defendants, and each and every one of them, and at all times material and relevant hereto, as described in this Civil Action Complaint were not acted or omitted pursuant to 47 C.F.R. 64.1200(f)(2) (regarding "emergency purposes"), nor 47 C.F.R. 64.1200(f)(3) (regarding "established business relationships").



32. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants, and each and every one of them, and at all times material and relevant hereto, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, disturbed the peace and tranquility of his home.

33. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants, and each and every one of them, and at all times material and relevant hereto, caused the Plaintiff to sustain damages and experience severe and ongoing emotional, psychological, and physical distress and physical responses to the repeated telephone calls.

34. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants, and each and every one of them, and at all times material and relevant hereto, are liable to the Plaintiff for declaratory judgment that the Defendants' conduct violated the TCPA, and Plaintiff' actual damages, statutory damages, treble damages, and costs and attorney fees.

35. Plaintiff received well over 14 telephone calls of an artificial and/or prerecorded nature entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C. § 227(d)(3)(B), from the Defendants, and each and every one of them, in the amount of over $7000 for known calls (plus $500 for each call not logged by Plaintiff and/or his phone).

36. The Defendants, and each and every one of them, caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages in the amount of $21,000 for known calls (plus $1500 for each call not logged by Plaintiff and/or his phone) pursuant to the TCPA, 47 U.S.C. § 227(d)(3).

37. The violations of the Defendants, and each and every one of them, and at all times



material and relevant hereto, include, but in no manner shall they be limited to, the following.

//

## 4.   JURY DEMAND

**38.** Plaintiffs make demand for trial by jury and tenders the appropriate fee.

## PRAYER.

For these reasons, Plaintiffs asks they have judgment against Defendants for the following:

  a. Award Plaintiff $500 in statutory damages for each violation of the TCPA, pursuant to 47 U.S.C. § 227(3)(B);

  b. Award Plaintiff an amount equal to three times the statutory damages awarded under 47 U.S.C. § 227(3)(B), for Defendant's willful and knowing violations of the TCPA;

  c. Enter an Order enjoining Defendant from using an "automatic telephone dialing system" to place debt collection calls to consumers' cellular telephones without their express consent or permission;

  d. Enter an Order enjoining Defendant from placing automated or prerecorded messages on cellular telephone voice mail systems without the express consent or permission of the consumer;

  e. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c) and Cal. Code of Civil Procedure § 1021.5;

  f. Prejudgment and post-judgment interest as allowed by law;

  g. Costs of suit;

  h. General relief; and

//





i.    All other relief, in law and in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

24043761

Amy E. Clark Kleinpeter
Attorney for Plaintiffs

State of Texas Bar Number: 24012957

Clark Kleinpeter Law
106 E. Sixth St. #900
Austin, TX 78701

Phone: (512) 850-5290
Fax:    (626) 737-6030
amyck1@gmail.com

I, AMALIA RODRIGUEZ-MENDOZA, District Clerk,
Travis County, Texas, do hereby certify that this is
a true and correct copy as same appears of
record in my office. Witness my hand and seal of
office on _2-28-2011_

AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
By Deputy:



C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-11-000216**

HENRY ALGERMISSEN

, Plaintiff

vs.
COMPASS BANCSHARES, INC.

, Defendant

TO: COMPASS BANCSHARES, INC.
BY DELIVERY TO REGISTERED AGENT, CT CORPORATION SYSTEM
350 N. ST. PAUL ST., STE 2900
DALLAS, TEXAS 75201

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 20, 2011 in the 53RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 24, 2011.

REQUESTED BY:
AMY E. CLARK KLEINPETER
CLARK KLEIN PETER LAW
106 E. SIXTH STREET, SUITE 900
AUSTIN, TX 78701
BUSINESS PHONE:(512)850-5290
FAX:(626)737-6030

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

-- -- -- - -- -- -- -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the
_____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named
_____, each in
person, a true copy of this citation together with the NOTICE OF ENTRY OF EFILE MANDATE ORDER accompanying
pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of
citation the date of delivery.

Service Fee: $ _____



Bruce Elfant
Constable Pct. 5
Travis County, Texas

Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____
_____ County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-11-000216                                    CONSTABLE                              P01 - 03753

☐ Original      ☐ Service Copy          RECEIVED

2011 JAN 26  AM 9: 23

CONSTABLE PRECINCT 5
TRAVIS COUNTY, TEXAS



2/9/11

Cause No. D1GN11000216                    {}        In the 53RD District Court
                                          {}        TRAVIS County
Plaintiff:                                {}
ALGERMISSEN, HENRY

Defendant:
COMPASS BANCSHARES INC


### Officer's Return

Came to hand January 26, 2011 at 9:23 A.M. and executed in DALLAS
County, Texas, on February 03, 2011 at 5:00 P.M. by delivering to COMPASS
BANCSHARES INC, by delivering to REGISTERED AGENT, CT Corporation
System, AND SIGNED BY R. PINA, at 350 ST PAUL ST,N#2900 DALLAS TX
75201, by certified mail, number 7008 2810 0000 9071 1293 return receipt
requested, a true copy of the Citation together with THE ORIGINAL PETITION
AND NOTICE OF ENTRY OF EFILE MANDATE ORDER.

                                              Bruce Elfant,
                        Travis County Constable Precinct 5
                                Travis County, Texas


                by: _____
                                              Deputy

                        MIRACLE MOUNT



## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

JAN 27 2011

| | |
|---|---|
| Postage | |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

Postmark Here

D1GN11000216-1
Compass Bancshares Inc
Ct Corporation System
350 ST PAUL ST, N# 2900
DALLAS TX 75201

PS Form 3800, August 2006          See Reverse for Instructions

7008 2810 0000 9071 1293

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

D1GN11000216-1
Compass Bancshares Inc
Ct Corporation System
350 ST PAUL ST, N# 2900
DALLAS TX 75201

RECEIVED

2011 FEB -7 AM 9: 31

CONSTABLE PREC
TRAVIS COUNTY,

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X R. Pina                    ☐ Agent
                             ☑ Addressee

B. Received by ( Printed Name)      C. Date of Delivery

R. PINA          FEB 03 2011

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
(Transfer from service label)

7008 2810 0000 9071 1293          13

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540





**Bruce Elfant, Constable**
Travis County Constable
Precinct 5
P.O. Box 1748
Austin, Texas 78767
February 09, 2011

KLEINPETER, AMY E CLARK
106 SIXTH ST, E STE 900
AUSTIN, TX 78701
Fax Number: 6267376030

Case No. D1GN11000216-1
Court:  53 District Court
County: TRAVIS
Plaintiff: ALGERMISSEN, HENRY
Defendant: COMPASS BANCSHARES INC
Respondent: COMPASS BANCSHARES INC

Attached please find a copy of the Officer's Return for the above referenced case. For
problems with this fax contact me at (512)854-9100.

Barbara Ochoa

---

## ATTENTION: eFilers

*Remember to include 'Please use Constable Pct. 5' in the Special
Instructions/Comments box so we will receive your paper.*

## CHOOSE PRECINCT 5
## If you want...

~ 24/7 Service Status Check Online    ~ Rush Service when needed
~ Live-person Service Check Hotline   ~ No extra charges for Research
~ Daily delivery to all state offices ~ Located by the Courthouse

# Constable5.com

---

Travis County Courthouse Complex ~ 1003 Guadalupe, Austin, Texas 78701
(512)854-9100 ~ Fax(512)854-4228 ~ www.Constable5.com

×××××××× -8228 ₱58 218       - ××××× -  STJG∃JBATSNOϽ- ××××××××××××××××× ×××× 2∀ 0008-∃∩ ××××

-                                    STJG ∃JBATSNOϽ-

21:10:00   ₱00/₱00            58300--0£09£7£7629618        XO   100

NOITARUD   SƎ⅁∀d 'ON ƎNOHdƎ˥Ǝ┴/SSƎ˥˥∀/∃W∀N NOITATS 'WWOϽ  NTS
                                                          'ON

180.=.ON Ǝ˥IℲ

9₱:11 60-8ƎℲ=DNƎ  £₱:11 60-8ƎℲ=T⅃ATS   NOISSIWSN∀Ʉ┴ ⅄ʞOWƎW = ƎDOW

×××××××× 9₱:11 ƎWI┴ ×××× 110Ɩ-60-8ƎℲ ƎTAD ××××××××××××××××× 'WWOϽ -'⅃∀NↃ∩Oſ 'WWOϽ- ×××××××× ××××

Filed
11 February 25 P4:40
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GN-11-000216

NO. D-1-GN-11-000216

| | | |
|---|---|---|
| HENRY ALGERMISSEN | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 53RD JUDICIAL DISTRICT |
| | § | |
| COMPASS BANCSHARES, INC. | § | TRAVIS COUNTY, TEXAS |

## COMPASS BANCSHARES, INC.'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS AND MOTION TO DISMISS

Defendant, Compass Bancshares, Inc. (**"Defendant"**) files this Original Answer, Special Exceptions, and Motion to Dismiss, and would show as follows:[1]

## ORIGINAL ANSWER

1.      Defendant asserts a general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure and requests that Plaintiff be required to prove his claims and causes of action by a preponderance of the evidence or such higher standard as may be applicable.

2.      Defendant denies that it is liable to Plaintiff in the capacity in which it has been sued.  Defendant would show that Compass Bancshares, Inc. is a separate legal entity from Compass Bank.  Compass Bancshares, Inc. is not a financial institution and does not maintain bank accounts nor collect debts of Compass Bank.

## SPECIAL EXCEPTIONS

3.      Special Exceptions generally require the movant to point out defects in a petition or answer so the opponent may remedy those defects by re-pleading.   However, in some instances, where it is impossible to re-plead a cause of action or defense because such a claim is not recognized in Texas, it is appropriate for the court to dismiss those claims by Special Exception.  *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998); *Trevino v. Ortega*, 969 S.W.2d 950, 951 (Tex. 1998).

---

[1]   Defendant, Compass Bancshares, Inc., is a separate entity from Compass Bank.  Compass Bank may be the party Plaintiff intended to sue and this Defendant is filing this appearance in an abundance of caution.

930505.20110350/914928.2



4.     In this situation, Plaintiff, Henry Algermissen, has not alleged any recognizable claim or cause of action against Defendant.  Defendant is not a financial institution and does not maintain bank accounts nor collect debts of Compass Bank.  Defendant therefore requests that the Plaintiff be required to re-plead to state a recognizable cause of action or that Defendant be dismissed from this suit.

5.     Defendant requests that the Court order Plaintiff to re-plead to assert a recognizable claim against Defendant and afford Defendant time to assert any potential counterclaims that may arise as a result of such claims.  Failing the assertion of recognizable claims and causes of action against it, Defendant requests that it be dismissed from this lawsuit.

6.     Defendant also specially excepts to Plaintiff's Petition because Plaintiff did not plead the discovery level for the case, as required by Texas Rule of Civil Procedure 190.1.

7.     Defendant further specially excepts to paragraph numbers 35 and 36 regarding damages. Defendant asks the Court to require Plaintiff to specify the maximum amount of damages Plaintiff claims.

8.     Defendant further specially excepts to Plaintiff's prayer, subsection c, in that Plaintiff appears to be seeking recovery of Plaintiff's costs and attorneys fees under a California statute.

## <u>REQUEST FOR DISCLOSURES</u>

9.     Defendant requests that Plaintiff provide those disclosures set forth in Section 194.2(a) through (l) of the Texas Rules of Civil Procedure within thirty (30) days of service of this pleading.



2

WHEREFORE, PREMISES CONSIDERED, for these reasons, Defendant asks the Court to set its special exceptions for hearing and, after the hearing, sustain its special exceptions and order Plaintiff to replead and cure his pleading defects and, if Plaintiff does not cure his defects, strike Plaintiff's pleading.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: _William P. Huttenbach_ _jhg_
    William P. Huttenbach
    State Bar No. 24002330
    Jacob M. Stephens
    State Bar No. 24066143
    700 Louisiana, 25th Floor
    Houston, Texas 77002-2772
    (713) 223-5181
    (713) 223-9319 Fax
    Email:  phuttenbach@hirschwest.com
    Email:  jstephens@hirschwest.com

**ATTORNEYS FOR DEFENDANT,
COMPASS BANCSHARES, INC.**



3

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2011, a true and correct copy of the foregoing document was sent as indicated to the following:

Amy E. Clark Kleinpeter
Clark Kleinpeter Law
106 E. Sixth St. #900
Austin, TX 78701
***Via Certified Mail, Return Receipt Requested***

William P. Huttenbach



930505.20110350/914928.2

NO. D-1-GN-11-000216

| | | |
|---|---|---|
| HENRY ALGERMISSEN | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 53RD JUDICIAL DISTRICT |
| | § | |
| COMPASS BANCSHARES, INC. | § | TRAVIS COUNTY, TEXAS |

## <u>ORDER ON SPECIAL EXCEPTIONS</u>

On this day came on to be heard Defendant Compass Bancshares, Inc.'s (**"Defendant"**) Special Exceptions to Plaintiff's Original Petition and Motion to Dismiss. The Special Exceptions have merit and are sustained. It is, therefore,

ORDERED that Plaintiff shall re-plead to state a recognizable cause of action or dismiss Defendant from this suit within fifteen (15) days of the date of this order, failing which Plaintiff's claims against Defendant Compass Bancshares, Inc. are dismissed.

ORDERED that Plaintiff plead the discovery level for the case, as required by Texas Rule of Civil Procedure 190.1.

ORDERED that Plaintiff specify the maximum amount of damages Plaintiff is claiming in this case.

ORDERED that Plaintiff re-plead his prayer to specify a statute that is recognizable in the State of Texas for any potential recovery of attorneys' fees and costs.

SIGNED on _____, 2011.


_____
JUDGE PRESIDING



APPROVED AS TO FORM:

HIRSCH & WESTHEIMER, P.C.

By: _William P. Huttenbach_

    William P. Huttenbach
State Bar No. 24002330
Jacob M. Stephens
State Bar No. 24066143
700 Louisiana, 25th Floor
Houston, Texas 77002-2772
(713) 223-5181
(713) 223-9319 Fax

**ATTORNEYS FOR DEFENDANT,
COMPASS BANCSHARES, INC.**

I, AMALIA RODRIGUEZ-MENDOZA, District Clerk,
Travis County, Texas, do hereby certify that this is
a true and correct copy as same appears of
record in my office. Witness my hand and seal of
office on _2-28-2011_
AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
By Deputy: _____



NO. D-1-GN-11-000216

| | | |
|---|---|---|
| HENRY ALGERMISSEN | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 53RD JUDICIAL DISTRICT |
| | § | |
| COMPASS BANCSHARES, INC. | § | TRAVIS COUNTY, TEXAS |

## NOTICE OF FILING NOTICE OF REMOVAL

You are hereby notified that on March 4, 2011, Defendant, Compass Bancshares, Inc., filed the attached Notice of Removal in the Office of the Clerk of the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: _William P. Huttenbach_

William P. Huttenbach
State Bar No. 24002330
Jacob M. Stephens
State Bar No. 24066143
700 Louisiana, 25th Floor
Houston, Texas 77002-2772
(713) 223-5181
(713) 223-9319 Fax
Email: phuttenbach@hirschwest.com
Email: jstephens@hirschwest.com

**ATTORNEYS FOR DEFENDANT,
COMPASS BANCSHARES, INC.**

930505.20110350/923753.1

## CERTIFICATE OF SERVICE

I hereby certify that on March __4__, 2011, a true and correct copy of the foregoing document was sent as indicated to the following:

Amy E. Clark Kleinpeter
Clark Kleinpeter Law
106 E. Sixth St. #900
Austin, TX 78701
*Via Certified Mail, Return Receipt Requested*

William P. Huttenbach

2